**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EARNESTINE MATTHEWS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 02487 |
| v. | ) ) | Judge Castillo |
| UNITED RETAIL INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

**DEFENDANT UNITED RETAIL INCORPORATED'S MOTION TO STRIKE
PLAINTIFF'S REPLY IN SUPPORT OF CLASS CERTIFICATION**

Defendant United Retail Incorporated ("United Retail"), by its attorneys, hereby requests that this Court strike Plaintiff's Reply in Support of Class Certification (Docket No. 34).

Because Plaintiff's Reply was (1) not timely filed, (2) contains new material (including previously-undisclosed opinion testimony) that constitutes the "blind-siding, gamesmanship and sandbagging" that courts have criticized, and (3) includes a gross mischaracterization of case law (and a resulting ad hominem attack that Plaintiff's counsel refuses to remedy), it should be stricken in its entirety. In the alternative, United Retail respectfully requests that the two affidavits offered for the first time by Plaintiff's Reply (Exs. 9 and 10), as well as the egregious mischaracterization of case law (Reply at 7), be stricken.

**I.    THE REPLY IS UNTIMELY.**

1.    As an initial matter, this Court should strike the Reply in its entirety because it was not filed timely. By its September 25, 2007 Order (Docket No. 26), this Court ordered Plaintiff to file the Reply on or before December 31, 2007. Plaintiff, however, did not file her

Reply until January 2, 2008. The late-filed Reply was not accompanied by a motion for leave to file, *instanter*, or by any other explanation of this belated filing.[1]

2. While the Northern District's Local Rules provide courts with the discretion to strike an untimely "supporting or answering memorandum," there is no such discretion in handling an untimely reply brief. "Failure to file a reply memorandum within the requisite time *shall be deemed a waiver* of the right to file." L.R. 78.3 (emphasis added).[2] Accordingly, Plaintiff waived her right to file the Reply, and this Court should strike the Reply as untimely in accordance with its September 25, 2007 Order and Local Rule 78.3.

## II. BY RELYING UPON FAULTY AND UNDISCLOSED OPINION TESTIMONY, THE REPLY IS IMPROPER SAND-BAGGING.

3. "It is elementary that parties may not raise new arguments or present new facts in their reply, thus depriving their opponent of the opportunity to respond." Weizeorick v. ABN Amro Mortgage Group, Inc., 2004 WL 1880008, at * 2 (N.D. Ill. 2004), citing Multi-Aid Servs., Inc., v. N.L.R.B., 255 F.3d 363, 370 (7th Cir. 2001); see also Buffone v. Rosebud Restaurant, Inc., 2006 WL 1843366, at * 3 (N.D. Ill. 2006) ("It is elementary that Rosebud cannot raise new facts or arguments for the first time in its reply.").

4. In Weizeorick, Judge Hibbler was confronted with a motion for class certification where the plaintiff "presents the bulk of his argument (and facts) regarding numerosity in his reply." 2004 WL 1880008, at * 2. As Judge Hibbler noted, the plaintiff's "decision to file his

---

[1] Plaintiff's counsel claim to rely upon an Order issued by Chief Judge Holderman which purportedly extends all filing deadlines set for December 31, 2007, to January 2, 2008. However, counsel inexplicably have refused to provide a copy of this Order to counsel for United Retail, who have not been able to locate this Order on the Court's website after it was cited by Plaintiff's counsel. December 31, 2007, is not identified as a Court holiday on the 2007 Court Holiday Schedule available on the website for the United States District Court for the Northern District of Illinois. Similarly, New Year's Eve is not designated as a holiday in Fed. R. Civ. P. 6.

[2] This unexplained failure is not the first time that counsel for Plaintiff have failed to comply with the Local Rule in the numerous cookie-cutter receipt-printing cases that they have filed. See Pacer v. Rockenbach Chevrolet Sales, Inc., 07-cv-05173 (N.D. Ill. Dec. 5, 2007 Memo. Order) (denying plaintiffs motion for class certification "pursuant to still another of this District Court's rules, L.R. 78.2").

2

class certification motion before obtaining the evidentiary support needed for the motion has created unnecessary filings, wasting the parties as well as the Court's time and resources." Weizeorick, 2004 WL 1880008, at * 2.

5. Like the plaintiff in Weizeorick, Plaintiff here filed a premature motion for class certification—before even receiving United Retail's responses to her interrogatories and requests for production—and now presents this Court with significant new matters in the Reply which should have been included in a timely-filed motion for class certification.

6. It is important to note that this Court did not set a deadline for Plaintiff to file her motion for class certification. Rather, Plaintiff made a purposeful decision to file a bare-bones Rule 23 motion, bereft of any relevant, admissible evidence (other than an estimate of class size) to support certification of a class seeking tens of millions of dollars in statutory damages for a putative violation that caused no harm.[3] As Judge Hibbler noted, this tactic wastes the time and resources of both the Court and the parties. Weizeorick, 2004 WL 1880008, at * 2.

7. As United Retail noted in its response brief, Plaintiff's original motion for class certification and supporting materials were essentially cookie-cutter pleadings, with little more that the name of the defendant and the number of class members changed for this case. Magistrate Judge Cole, when presented with a similar situation where the moving party filed a skeletal opening brief and waited until the reply brief to offer new contentions and citations, explained why this tactic "is hopelessly inconsistent with the very premise on which the adversary system is based."

---

[3] For example, Plaintiff attaches a document produced by United Retail in discovery to support her assumption that, because United Retail was aware that it could not obtain consumer reports from consumer reporting agencies without a permissible purpose under the FCRA, then it must also have been aware of all of the provisions of FACTA – even those that did not pertain to obtaining consumer reports. (Reply at 9.) This document would have been available had Plaintiff not decided to prematurely file her Rule 23 motion, and thus it is inappropriate for her to include it for the first time in the Reply.

> **"A reply brief is for replying"** not for raising essentially new matters that could have been advanced in the opening brief. Hussein v. Oshkosh Motor Truck Company, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring).
>
> \* \* \*
>
> **The courts have characterized this tactic in a variety of ways-- all negative. Blind-siding, gamesmanship, and sandbagging are the most commonly used epithets. Regardless of the name applied, the gambit has no place in the judicial system.** Loading-up on a reply brief effectively results in a one-sided presentation, which is **hopelessly inconsistent with the very premise on which the adversary system is based**. In addition to being unfair to one's opponent, the tactic of saving everything for last adversely affects the accuracy of the judicial process, which depends on comprehensive presentations by both sides.

Autotech Technologies Ltd. P'ship v. Automationdirect.com, 235 F.R.D. 435 (N.D. Ill. 2006) (citations and footnote omitted) (emphasis added).

    **A.    Plaintiff's Inclusion Of Expert Testimony For The First Time In The Reply Is Improper.**

8.    More troubling is Plaintiff's new use of opinion testimony in her Reply.

9.    The Court, in its Order of August 14, 2007 (Docket No. 16), and consistent with the relative burdens of proof, required Plaintiff to first disclose her experts and then provided United Retail an opportunity to disclose its rebuttal or other experts. Under this schedule, Plaintiff's expert disclosures were due on September 14, 2007, and United Retail's expert disclosures were due on October 29, 2007.

10.    Although this Court set no deadline for the filing of a Rule 23 motion, and in advance of the deadlines for expert disclosures set by this Court, Plaintiff filed her motion for class certification on September 12, 2007. Although the deadline for disclosing Plaintiff's expert loomed only two (2) days later, Plaintiff did not offer any expert testimony as part of her motion.

11. On October 29, 2007, United Retail disclosed three expert witnesses. Relevant to Plaintiff's motion for class certification, and the complete absence of any harm to the putative class, United Retail identified Dr. Bridget Tenner, a mathematics professor, as an expert witness. By her sworn affidavit, Dr. Tenner explains that, armed with the information on a United Retail receipt, a criminal would have between a 1-in-a-billion and a 1-in-ten-trillion chance of guessing the actual account number associated with a United Retail receipt. (Tenner Decl. ¶¶7-13.) United Retail also identified Joel Lisker, formerly the Senior Vice-President for Security and Risk Management at MasterCard International, and provided his sworn testimony that disclosure of the expiration date on United Retail receipts does not expose consumers to an increased risk of harm because correct expiration dates are not generally required for authorization of credit card transactions. (Lisker Decl. ¶¶7-10.)

12. After United Retail disclosed its experts, this Court allowed Plaintiff until December 7, 2007, to disclose any rebuttal experts. (Docket No. 29.) This Order, however, did not tie the timing for rebuttal experts to the class certification briefing schedule, and did not permit Plaintiff to disclose new facts or expert testimony in her Reply.

13. On December 7, 2007, Plaintiff disclosed Don Coker as her expert witness. As part of Plaintiff's Reply, she attaches the declaration of Mr. Coker. (Ex. 9 to Docket No. 34.)

14. As an initial matter, the Coker declaration should be stricken because Plaintiff fails to establish the basic foundation for the admissibility of such opinion testimony. To offer expert testimony, a witness must be sufficiently qualified by knowledge, skill, training, experience, or education in the particular area in which the expert seeks to offer an opinion. See Daubert v. Merrell Dow Pharms., 509 U.S. 579, 590-91 (1993). Mr. Coker professes to have years of experience "as a banker and a consultant." Even if accepted as true, such experience

5

provides no basis for offering opinions on the field of credit card security in general or to be sure the practices of identity thieves in particular.

15. The Reply (pp. 10-11) quotes Mr. Coker's declaration as proof that, notwithstanding the concession that an expiration date cannot facilitate credit card fraud, it may be used by identity thieves to send "phishing e-mails" or make "pretext calls" in order to get from the consumer information necessary to commit credit card fraud. A complete Daubert challenge to Mr. Coker's opinion testimony must await his deposition, but it is clear from the face of his declaration that he is not qualified to offer the opinion testimony that is cited in the Reply Brief.

16. Mr. Coker's testimony—which goes to the heart of Plaintiff's claims that class treatment is needed—should have been originally offered by Plaintiff to support the Rule 23 motion, not held back for the Reply.

17. In accordance with sound principles of fairness and judicial economy, as well as the standards for admitting expert testimony, this Court should strike Mr. Coker's declaration, as well as the portions of the Reply which reference Mr. Coker and his "expert" testimony.

    **B.**    **Plaintiff's Surreptitious Development Of Opinion Testimony In A Different Case, Which Was Not Timely Disclosed Under This Court's Order, Is Improper.**

18. Even more improper is Plaintiff's use of the declaration of Patrick Faith, an employee of Visa U.S.A., Inc., which was obtained not as part of the discovery directed at Visa in this action, but in another case. While Plaintiff couches Mr. Faith's declaration as stating facts, the description of Mr. Faith's declaration makes it very clear that Plaintiff is using it as *de facto* expert testimony to rebut Mr. Lisker. Indeed, Plaintiff claims that the expert testimony of Mr. Lisker is "directly rebutted" by Mr. Faith's declaration, and that the declaration establishes

6

"that expiration dates are important fraud prevention tools." (Reply at 10, 11.) Plaintiff never disclosed Mr. Faith as an expert in this case, and therefore his declaration should be stricken.

19. Moreover, this declaration was obtained surreptitiously, and in another case brought by Plaintiff's counsel, Harris v. Circuit City Stores, Inc., 07-cv-2512 (N.D. Ill.). The Harris case is pending before Judge Guzman, and counsel for United Retail was not invited to participate in the discovery taken in the Harris case. Plaintiff's counsel fails to offer any explanation for using a carefully-crafted affidavit from another case, rather than evidence obtained from Visa through Plaintiff's discovery efforts in this case.

20. Plaintiff, in fact, has already taken discovery from Visa in this case. On October 29, 2007, Plaintiff issued a subpoena for deposition and the production of documents to Visa.[4] On November 14, 2007, counsel for the parties in this action participated in the deposition of Visa's designated representative, which was coordinated to respond to similar discovery requests directed at Visa in other cases brought under 15 U.S.C. § 1681c(g). Notably, Plaintiff does not offer such deposition testimony, or any of the documents produced by Visa, as part of her reply.

21. Instead, Plaintiff's counsel unilaterally and surreptitiously obtained a declaration from Visa in a different case, without notice to United Retail, and introduced it as part of her Reply here. This tactic represents improper "blind-siding, gamesmanship, and sandbagging," and it should not be tolerated by this Court, particularly where Plaintiff failed to identify Mr. Faith as an expert pursuant to this Court's scheduling order.[5] Accordingly, this Court should strike the declaration of Mr. Faith and all references to the declaration in the Reply.

---

[4] Copy attached as Ex. A. United Retail also noticed the deposition of Visa in this case (copy attached as Ex. B).

[5] It is worth noting that Mr. Faith's declaration not only fails to address the key point made by Mr. Lisker, but also supports Mr. Lisker's opinion. Mr. Lisker explained that "at this time there is no requirement under VISA and MasterCard rules that an expiry date be verified as a condition of authorization." (Lisker Decl. ¶ 8.) Mr. Faith's declaration is absolutely consistent with this opinion, and even indicates that when a merchant uses an *optional* Visa service and submits the credit card expiration date to validate the Card Verification Value, a "No Match" on the

7

**III. BASED UPON A CLEAR MISCHARACTERIZATION OF CASE LAW, THE REPLY WRONGLY ACCUSES UNITED RETAIL COUNSEL OF MISLEADING THIS COURT.**

22. In the Reply, Plaintiff and her counsel claim that "United Retail's citation to the denial of certification in In re Trans Union Privacy Corp. Litig., 211 F.R.D. 328, 349 (N.D. Ill. 2002) ("Trans Union") is disingenuous." (Reply at 7.) This statement is based on the mistaken premise that the Trans Union opinion cited by United Retail "was decided on defendants' Rule 12 motion, and revisited three years later on plaintiff's motion for class certification." (Reply at 7.) Based on this fundamentally flawed reading of the two decisions, Plaintiff and her counsel attack counsel for United Retail for not citing the subsequent certification of the different class, and further suggest that such conduct was an affirmative attempt to mislead the Court. (Reply at 7.)

23. As an initial matter, Plaintiff's attack is grounded in a fundamental mis-description of the case law cited by United Retail. First, while Trans Union did address a Rule 12 motion to dismiss certain counts brought by the defendants, it also addressed "Trans Union's motion for a determination that a claim for statutory damages under the FCRA cannot be maintained as a class action." Trans Union, 211 F.R.D. at 333; see also id. at 332-33 (describing the procedural posture of the case and the numerous motions pending before the Court).

24. In ruling on the motion regarding class certification, the Trans Union court analyzed and applied Federal Rule of Civil Procedure 23, see id. at 346-51, and United Retail cited only to the Rule 23 analysis. Accordingly, aside from demonstrating a misunderstanding of Rule 12, it is simply incorrect for Plaintiff and her counsel to claim that the class certification issue in Trans Union "was decided on defendants' Rule 12 motion." (Reply at 7.)

---

(continued…)

Card Verification Value can be returned due to an incorrect expiration date, along with the "authorization response." (Faith Decl. ¶ 7.) Mr. Faith does not aver that "No Match" will cause a denial of authorization.

8

25. Second, the decision of the <u>Trans Union</u> Court was not "revisited three years later," as Plaintiff and her counsel claim. (Reply at 7.) Rather, in <u>In re Trans Union Privacy Corp. Litig.</u>, 2005 WL 2007157 (N.D. Ill. 2005) ("<u>Trans Union II</u>"),[6] the court did not reconsider its earlier decision to not certify an FCRA statutory damages class but instead addressed plaintiffs' attempts to certify different classes based on different claims and remedies. <u>Trans Union II</u>, 2005 WL 2007157, at * 1.

26. While the class at issue in the first <u>Trans Union</u> opinion was a nationwide class seeking statutory damages for an alleged violation of the FCRA by Trans Union's target marketing list business, that class was no longer at issue in <u>Trans Union II</u>. Instead, plaintiffs sought to certify a nationwide class seeking punitive damages for alleged willful violations of the FCRA, as well as a class of Illinois consumers who alleged violations of a different section of the FCRA arising from different business practices. <u>Trans Union II</u>, 2005 WL 2007157, at * 1.

27. The Court in fact reaffirmed its earlier holding and denied plaintiffs' motion for certification of a nationwide class for punitive damages, for the same reasons that it had previously held that certification of a nationwide class seeking statutory damages was improper under Rule 23. <u>Trans Union II</u>, 2005 WL 2007157, at * 4. With respect to the more limited Illinois class alleging different violations—which was never at issue in the first <u>Trans Union</u> opinion—the Court found that certification was appropriate because, due to the different facts, certification did not raise the issues which precluded certification of the different classes earlier. <u>Trans Union II</u>, 2005 WL 2007157, at * 4. Thus, the Court never "revisited" its earlier ruling, but instead reaffirmed its holding and held that "the same analysis does not hold true" to the new and different classes.

---

[6] While Plaintiff cited to the Lexis version of this opinion, and ignored this Court's standing order which requires courtesy copies of all decisions not available on Westlaw, United Retail herein provides the Court with the Westlaw citation.

CHGO1\31136619.2

28. Notably, United Retail first tried to resolve this issue before bringing it to this Court's attention. Immediately after reviewing the Reply, United Retail's counsel wrote to counsel for Plaintiff on January 2, 2008, to apprise them of the erroneous description of the <u>Trans Union</u> opinions and request that they immediately withdraw the offending paragraph.

> The brief suggests that Judge Gettleman later reversed his earlier ruling. In fact, as you may or may not know, the court's later ruling related to certification of a <u>different</u> class bringing <u>different</u> claims based upon <u>different</u> facts than the class at issue in the earlier ruling. The later ruling in no way diminishes the precedential value of the earlier ruling. Indeed, Judge Gettleman expressly reaffirmed the earlier ruling and expressly stated that "the same analysis does not hold true" with respect to the very different class at issue in the later ruling.[7]

29. Counsel for Plaintiff, however, responded by refusing to withdraw this portion of the Reply, without addressing the specific comments which pointed at the obvious error in the reply brief. Instead, plaintiff's counsel insisted:

> We correctly state in the reply brief that the earlier decision was a Rule 12 motion, and that certification was revisited later on plaintiff's motion for class certification.[8]

30. Given the insistence of Plaintiff and her counsel in maintaining that a demonstrably false description of a case is correct—compounded by a personal attack on opposing counsel for correctly citing to and describing that case—even though they have had ample opportunity to take appropriate action to address their demonstrated error, United Retail requests that this Court strike the Reply in its entirety. In the alternative, United Retail requests that the Court strike the first paragraph of page 7 of the Reply.

---

[7] Copy of e-mail message attached as Ex. C (emphasis in original).

[8] Copy of e-mail message attached as Ex. D.

**IV.    CONCLUSION.**

31.    Plaintiff's untimely filing and the blatant "blind-siding, gamesmanship, and sandbagging" of introducing new factual allegations to meet her burden of establishing that class certification is proper warrants striking the Reply in its entirety.  Plaintiff had the opportunity to conduct third-party discovery and develop expert testimony before filing her motion.  She chose not to, instead filing a cookie-cutter motion.  She and her counsel should not be allowed to circumvent the adversarial process by forcing United Retail to respond to her generic motion papers and only in reply offer undisclosed and inadmissible opinion testimony she believed necessary to obtain class certification.

WHEREFORE, and for all the foregoing reasons, United Retail respectfully requests that this Court strike Plaintiff's Reply in Support of Class Certification (Docket No. 34).

Dated:  January 4, 2008                                             Respectfully submitted,

**UNITED RETAIL INCORPORATED**

By:     /s/Albert E. Hartmann
        One of Its Attorneys

Michael O'Neil (ARDC #06201736)
Albert E. Hartmann (ARDC #06256064)
**DLA PIPER US LLP**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
312-368-4000
Email: michael.oneil@dlapiper.com
Email: albert.hartmann@dlapiper.com

11

## **CERTIFICATE OF SERVICE**

      I, Albert E. Hartmann, an attorney, depose and state that on January 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice on the following:

>Keith James Keogh
>Alexander Holmes Burke
>Law Offices of Keith J. Keogh
>227 West Monroe Street #2000
>Chicago, IL 60606
>Email: Keith@Keoghlaw.com
>Email: aburke@keoghlaw.com

                                              /s/ Albert E. Hartmann
                                              Albert E. Hartmann