BR

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EARNESTINE MATTHEWS, individually and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED RETAIL, INC., )<br>)<br>Defendant. ) | Case No. 07 C 2487<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Earnestine Matthews ("Matthews") has sued Defendant United Retail, Inc. ("United Retail"), claiming that United Retail unlawfully generated customer receipts displaying the expiration date of customers' credit cards, in violation of the Fair Credit Reporting Act ("FCRA"), as amended by the Fair and Accurate Credit Transactions Act ("FACTA"). *See* 15 U.S.C. § 1681. Presently before the Court is Plaintiff's motion for class certification. (R. 20, Pl's Mot. for Class Cert. at 3.)

## BACKGROUND

Plaintiff filed this purported class action lawsuit on May 3, 2007, alleging that United Retail violated FACTA, 15 U.S.C. § 1681c(g), which mandates that "[e]xcept as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Plaintiff alleges that, in willful violation of this law, United Retail printed more than the last five digits of the card number and/or the expiration date on receipts provided to

debit and credit card holders transacting business with United Retail. (R. 1, Compl. ¶ 4.) Plaintiff, herself, allegedly received a computer-generated cash register receipt displaying her credit card expiration date on December 15, 2006, from a United Retail store in Evergreen Park, Illinois. (*Id.* ¶ 11.) United Retail disputes that it violated FACTA, and asserts that its conduct demonstrates good faith efforts to comply with FACTA and the absence of willful conduct.

## MOTION TO STRIKE

As an initial matter, United Retail has filed a motion to strike Plaintiff's reply brief. (R. 35.) The parties have devoted extensive briefing to this issue; in fact, they have devoted more briefing to the issue of whether to strike Plaintiff's reply brief than to the motion for class certification. (*See* R. 35, United Retail's Mot. to Strike Reply; R. 37, Pl.'s Resp. to Motion to Strike; R. 39, Pl.'s Mot. to Clarify Re: Visa Decl. in Class Cert. Papers; R. 42, United Retail's Mot. for Leave to File Supp'l Br. in Supp. of Mot. to Strike Pl.'s Reply; R. 44, Pl.'s Resp. to United Retail's Mot. for Leave to File Supp'l Br. in Support of Motion to Strike Pl.'s Reply; R. 46, Pl.'s Mot. for Leave to File Add'l Class Cert. Rebuttal Materials; R. 49, United Retail Resp. to Order on Pl.'s Mot. for Leave to File Add'l Class Cert. Materials.)

A district court has broad discretion to grant or deny a motion to strike. *See, e.g., Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992). United Retail argues that this Court should strike Plaintiff's reply brief because it was filed on January 2, 2008, rather than on Monday, December 31, 2007, as set forth in this Court's briefing schedule. (See R. 26, 9/25/07 Min. Order.) Chief Judge Holderman, however, continued all matters in the Dirksen Building set for December 31, 2007 to January 2, 2008. (R. 37, Pl.'s Resp. to Def.'s Mot to Strike Reply, Ex. 11.) Rather than quibble over whether Chief Judge Holderman's order applied

to filings as well as court appearances, this Court finds that Plaintiff in good faith believed the order of Chief Judge Holderman applied to the filing of her brief, and this Court will not exercise its discretion to penalize Plaintiff for a two-day delay, one of which was a federal holiday.

Next, United Retail seeks to strike Plaintiff's reply brief for introducing testimony from two experts regarding the alleged willfulness of United Retail's FACTA violation and the likelihood of identity theft resulting from the alleged violation. (R. 34, Reply at 10-11.) United Retail's argument fails for two reasons. First, Plaintiff appropriately introduced these experts in response to the expert affidavits submitted in support of United Retail's opposition brief. The Court has disregarded any new arguments or facts that appeared in the reply brief that were not directly in response to new arguments raised in United Retail's opposition brief. Second, the proposed expert testimony goes to the merits of Plaintiff's complaint, which, as will be explained further below, is not appropriate for the Court to consider at this time.

Finally, United Retail asks this Court to strike Plaintiff's reply because it believes that Plaintiff's interpretation of two district court cases is erroneous and will mislead the Court. This Court, however, will not strike Plaintiff's reply brief because United Retail disputes her interpretation of *In re Trans Union Privacy Corp. Litig.*, 211 F.R.D. 328, 349 (N.D. Ill. 2002); and *In re Trans Union Privacy Corp. Litig.*, No. 00 C 4729, MDL 1350, 2005 WL 2007157 (N.D. Ill. Aug. 17, 2005). This Court is fully capable of properly interpreting these cases, and will not be misled by either side's interpretation. Accordingly, we proceed with the substantive matter at hand, Plaintiff's motion for class certification.

## LEGAL STANDARDS

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a plaintiff seeking class

certification has the burden of proving that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Failure to satisfy any of Rule 23(a)'s requirements defeats a motion for class certification. *Retired Chic. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). If all four prongs of Rule 23(a) are met, the potential class must also satisfy one of the provisions of Rule 23(b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Plaintiff seeks certification under Rule 23(b)(3), which requires "that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

Rule 23(c)(1) requires the certification decision to be made "[a]s soon as practicable after the commencement of an action brought as a class action." The Court exercises broad discretion in determining whether class certification is appropriate given the particular facts of the case. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998); *Murray v. New Cingular Wireless Servs., Inc.*, 232 F.R.D. 295, 298 (N.D. Ill. 2005).

## ANALYSIS

Plaintiff seeks to define the following class of people who, like her, allegedly received electronic receipts from United Retail printed with more than the last five digits of the card number number and/or the expiration date, in violation of FACTA, 15 U.S.C. § 1681c(g)(1):

all persons in Illinois to whom United retail provided an

4

> electronically printed receipt at the point of sale or transaction, in a
> transaction occurring after December 4, 2006, which receipt
> displays either (a) more than the last five digits of the person [*sic*]
> credit card or debit number, and/or (b) the expiration date of the
> person's credit or debit card.

(R. 1, Compl. ¶ 13.) When FACTA was enacted in 2003, it gave merchants who accept credit or debit cards three years to comply with the requirements of 15 U.S.C. § 1681c(g)(1)—until December 4, 2006 –for cash registers that were in use before January 1, 2005, and one year to comply for electronic receipt-printing machines that were put in use after January 1, 2005. 15 U.S.C. § 1681c(g)(3)(A), (B). Failure to comply with Section 1681c(g) subjects a person to actual damages or statutory damages between $100 and $1,000 for a willful violation of the statute. 15 U.S.C. § 1681n(a)(1)(A); *see also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 622 (7th Cir. 2007); *Safeco Ins. Co. of Am. v. Burr*, – U.S. – , 127 S.Ct. 2201, 2210 (2007)).

For purposes of deciding the certification question, the Court does not presume that all well-pleaded allegations are true. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676-77 (7th Cir. 2001). Rather, the district court should "look[] beneath the surface of a complaint to conduct the inquiries identified in [Rule 23] and exercise the discretion it confers." *Id.* at 677. Nevertheless, the Court does not delve into the merits of the ultimate issues in the case, which do not affect the question of class certification under Rule 23. *See Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 WL 400862, at *3-4 (N.D. Ill. Feb. 7, 2008); *Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 623 (N.D. Ill. 2007); *Levie v. Sears Roebuck & Co.*, 496 F. Supp. 2d 944, 946-47 (N.D. Ill. 2007); *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 395 (N.D. Ill. 2006); *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 395 (N.D. Ill. 2006). Accordingly, this

Court does not consider the parties' arguments as to whether United Retail's alleged violation of FACTA was willful; *i.e.*, whether United Retail was aware of the expiration date-masking requirement when it issued receipts with the expiration date on it.

Below the Court conducts the well-settled Rule 23 analysis to determine whether class certification is appropriate here.

## I. Rule 23(a) Requirements

### A. Numerosity

Rule 23(a)(1) requires that a proposed class be so numerous that joinder is impractical. Fed. R. Civ. P. 23(a)(1). United Retail does not contest numerosity and estimates that over 20,000 customers have received receipts since December 4, 2006, which "may have" displayed their card expiration date. (R. 20, Mot. to Cert. Class, Ex. 1, Resp. to Requests for Admissions ¶ 2.) This estimate more than satisfies the numerosity requirement. *See, e.g., McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) ("Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1).") Indeed, several courts in this district have certified classes for alleged violations of 15 U.S.C. § 1681c(g) with even more potential class members. *See Meehan v. Buffalo Wild Wings, Inc.*, No. 07 C 4562, 2008 WL 548767, at *1 (N.D.Ill. Feb. 26, 2008) (certifying class where defendant probably provided thousands of electronically printed receipts during the relevant time period); *Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 WL 400862, at *3-4 (N.D. Ill. Feb. 7, 2008) (recommending certification of class of potentially 110,000 members); *Halperin v. Interpark Inc.*, No. 07 C 2161, 2007 WL 4219419, at *1 (N.D. Ill. Nov. 29, 2007) (certifying class where proposed class where over 900,000 qualifying receipts may have been printed).

### B. Commonality

Rule 23(a)(2) next requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). United Retail does not dispute that Plaintiff's proposed class satisfies the commonality requirement. The commonality requirement is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). As in *Troy*, 2007 WL 4293014, at *6, and *Halperin*, 2007 WL 4219419, at *4, the common nucleus of operative fact is the defendant's issuance of receipts that display the expiration date or more than five digits of a person's credit card in violation of Section 1681c(g)(1). Because this central issue is shared by all class members, Matthews' proposed class meets the commonality requirement of Rule 23(a)(2).

### C. Typicality

Next, Plaintiff must show that her claim is typical of the claims of the entire class. Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele*, 713 F.3d at 232 (internal citations omitted). Matthews' claim arises from the same alleged course of conduct as the claims of other class members— United Retail's printing of noncompliant receipts. Her claim is also premised on the same legal theory as the claims of other class members, that United Retail's printing of such receipts was a willful violation of FCRA. Accordingly, Matthews has satisfied the typicality requirement of Rule 23(a)(3).

### D. Adequacy

Before a class will be certified, Rule 23 also requires the Plaintiff to show that "the

7

representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy Rule 23(a)(4), the plaintiff must show that: "(1) the representative does not have conflicting or antagonistic interests compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously." *Cavin*, 236 F.R.D. at 392-93 (citing *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)).

United Retail argues that Matthews is not an adequate class representative because she seeks to represent a class that potentially includes members who suffered "actual damages," whereas Matthews only seeks statutory damages. However, requiring class counsel to seek actual damages for each individual class member would make the class action unmanageable because actual damages in FCRA cases are likely to be small. *Murray v. GMAC Mortgage Corp.* ("*GMAC*"), 434 F.3d 948, 953 (7th Cir. 2006). Statutory damages, on the other hand, "allow for the recovery of modest damages, that likely are small and difficult to quantify, without proof of injury." *Killingsworth*, 507 F.3d at 622 (citing *GMAC*, 434 F.3d at 953). Class members with individual claims for actual damages may always opt out of the class to do pursue them. *GMAC*, 434 F.3d at 953. Therefore, Matthews' interests are not antagonistic to or in conflict with those of other class members. In fact, United Retail does not contest that Matthews has shown sufficient interest in the case outcome to ensure vigorous advocacy, participating in several settlement conferences and depositions. (R. 34, Pl.'s Reply at 11-12.)

United Retail also argues that class counsel is inadequate because they are litigating similar FACTA claims in courts throughout the country. To the contrary, experience as class

counsel in similar cases weighs in favor of finding that class counsel here is adequately competent and experienced. *See Cavin*, 236 F.R.D. at 395 (finding that law firm which was class counsel in many other FCRA actions met adequacy requirement). Accordingly, Plaintiff has met the requirements of Rule 23(a)(4).

## II.  Rule 23(b)(3)

Plaintiff must next satisfy one of the three subparts in Rule 23(b), in this case, Rule 23(b)(3). Rule 23(b)(3) delineates two requirements: (1) "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### A.  Predominance

Common issues of fact and law predominate over issues affecting individual members in this case. United Retail allegedly issued credit or debit card receipts bearing prohibited material to class members in violation of the FACTA. Although United Retail argues that there are potential plaintiffs, unlike Matthews, who have been actually harmed by the alleged violation of FACTA, these issues do not predominate. Indeed, the parties do not point to any instance where a potential class member suffered actual harm from the alleged FACTA violation. As explained above, individuals who have been actually harmed by identity theft can choose to opt out of the class. Because common questions of law and fact predominate over any individualized inquiries, Matthews has satisfied the predominance requirement of Rule 23(b)(3).

### B.  Superiority

FACTA claims are especially well-suited to resolution in a class action where, as here,

9

"potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *GMAC*, 434 F.3d at 953. Nevertheless, relying on various district court cases out of California, United Retail argues that a class action is not superior to individual suits because the potentially excessive size of a statutory damages award in this case violates its due process rights.

This argument, however, has been rejected by the Seventh Circuit. In *GMAC*, the Seventh Circuit reversed a district court decision finding that the potential liability of the defendant for a FCRA violation—billions of dollars—was an abuse of the class action forum and thus not superior to individual lawsuits. *GMAC*, 434 F.3d at 953. The Court explained that "[t]he reason that damages can be substantial [] does not lie in an 'abuse' of Rule 23; it lies in the legislative decision to authorize awards as high as $1,000 per person," without providing a statutory damages cap. *Id.* (citing 15 U.S.C. § 1681n(a)(1)(A)). Although the district judge disapproved of the potentially immense damage award in comparison to what he saw as a mere technical violation of the FCRA, the Seventh Circuit held that class certification should have been granted because "[w]hile a statute remains on the books, [] it must be enforced rather than subverted." *Id.* at 953-54. Furthermore, while an unconstitutionally excessive damages award may be reduced, these constitutional limits are best applied after a class has been certified. *Id.* at 954. Therefore, the potential for a very large damage award does not affect this Court's Rule 23 analysis.

Finally, United Retail argues that since it began masking expiration dates three months before Plaintiff's complaint was filed, and is now indisputably in compliance with FACTA, there is no need for class certification. If the requirements of Rule 23 are satisfied, however, class certification should not be refused because of lack of need. *See Gammon v. GC Servs. Ltd.*

10

*P'ship*, 162 F.R.D. 313, 320 (N.D. Ill. 1995) (citing *Brown v. Scott*, 602 F.2d 791, 795 (7th Cir. 1979)). The statute, however, does not provide for an exception based on after-the-fact compliance, or based on United Retail's argument that it did not benefit from its alleged violations. None of United Retail's arguments negate the fact that Plaintiff has properly moved for class certification based on United Retail's past alleged violations of FACTA.

Accordingly, the Court finds that Plaintiff has met the superiority requirement of Rule 23(b)(3).

### III. Class Counsel

As a final matter, Plaintiff asks that the Court appoint Keith Keogh and Alexander Burke of the Law Offices of Keith J. Keogh as class counsel. Rule 23(g)(1) sets forth several factors that courts are instructed to consider in appointing class counsel, including the work counsel has done in investigating potential claims in this action; counsel's experience in handling class actions and the type of claims asserted in this action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). According to Exhibit 6 attached to Plaintiff's motion for class certification—an affidavit by Keith J. Keogh—proposed class counsel has extensive knowledge of the applicable law and experience handling similar class actions, as well as the resources to investigate the potential class claims. (R. 20, Mot. to Cert. Class, Ex. 6.) Based on the representations in this affidavit, the Court finds that Rule 23(g)(1)(B)(C)(i) has been satisfied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for class certification is granted (R. 20), and the Court appoints Keith J. Keogh, Alexander H. Burke, and the Law Offices of Keith J. Keogh Ltd., as class counsel in this case. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court will certify a class consisting of "all persons in Illinois to whom United retail provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the persons credit card or debit number, and/or (b) the expiration date of the person's credit or debit card."

ENTERED: _____
Judge Ruben Castillo
United States District Court

Dated: March 5, 2008