## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EARNESTINE MATTHEWS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 02487 |
| v. | ) ) | Judge Castillo |
| UNITED RETAIL INCORPORATED, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

### DEFENDANT UNITED RETAIL INCORPORATED'S
### MOTION FOR PROTECTIVE ORDER

Defendant United Retail Incorporated ("United Retail"), under Federal Rule of Civil Procedure 26(b)(2)(B), hereby moves for a protective order to limit the Court's April 23, 2008 Order (Docket No. 76) as it relates to certain Electronically Stored Information.

**I.   BACKGROUND**

The linchpin of Plaintiff's complaint is that United Retail willfully violated FACTA's prohibition (15 U.S.C. § 1681c(g)) on printing credit card expiration dates on receipts. Throughout this lawsuit, Plaintiff has sought discovery to establish—contrary to United Retail's sworn interrogatory answers—that United Retail was aware of FACTA's expiration-date masking requirement before its December 6, 2006 effective date. Plaintiff took extensive written discovery, including issuing no less than 51 requests for production of documents, each seeking all documents from January, 2002, through the present. United Retail has produced nearly 2,500 pages of documents—which include e-mail messages and other Electronically Stored Information—including what Plaintiff has described to this Court as "smoking gun documents." (See, e.g., Docket No. 65 at 2.)

As part of its efforts to respond to written discovery by searching Electronically Stored Information, United Retail—using search words and phrases specified by Plaintiff—searched the active e-mail messages of the employees identified in United Retail's initial disclosures and interrogatory responses as having knowledge of and responsibility for the receipt-printing practices at issue in this lawsuit. These individuals included United Retail's Senior Vice President and Chief Information Officer, its Director – POS, Operations and Special Projects (the employee primarily responsible for point-of-sale, or POS, systems which print receipts), and its Senior Vice President & General Counsel. United Retail produced the few responsive documents to Plaintiff, along with a letter explaining what documents were returned by the search. (A copy of this letter is attached as Ex. A.) None of these e-mail messages related in any way to FACTA or the removal of expiration dates from receipts. After receiving the results of this search, and United Retail's justification for its objection to performing any additional searches of Electronically Stored Information, Plaintiff raised no objection and did not challenge United Retail's position.

Plaintiff also took the depositions of nine United Retail employees, including its Senior Vice President and Chief Information Officer, its Director – POS, Operations and Special Projects, and its Senior Vice President & General Counsel. All nine of these employees testified—consistent with United Retail's sworn discovery responses—that they were not aware of FACTA or the requirement to mask expiration dates on receipts provided to cardholders until January, 2007. Moreover, Kenneth P. Carroll, United Retail's former Senior Vice President & General Counsel, testified that he does not recall ever having communications with any United Retail employee regarding FACTA prior to him becoming aware of the provision in January, 2007. (See Deposition of Kenneth P. Carroll, Ex. A to Docket No. 68, at 126:24–127:6.)

Unsatisfied with the dearth of evidence from United Retail that supported her case, Plaintiff issued subpoenas to third parties. One of these third parties was First Data, United Retail's <u>former</u> credit card processor. In response to that subpoena, First Data produced a single e-mail exchange (consisting of two e-mail messages) in May 2004 between a First Data employee and a former United Retail employee, Scott Weiss. (A copy of this e-mail is attached as Ex. B.) In his original e-mail, Mr. Weiss apparently inquired about "account number truncation on receipts, imprinting cards, and data storage of account numbers." In response, First Data apparently provided information on "storage and security requirements." While First Data also claimed that it would send information regarding "imprinting requirements,"[1] it did not provide any additional communications in response to the subpoena. Completely absent from any of these communications is any mention of the FCRA, FACTA, or the suppression of credit/debit account expiration dates.[2]

As part of its discovery efforts, United Retail produced documents from Weiss' files, but did not search his archived e-mail messages going back to 2004 as he was not one of the employees whose identity was called for by Plaintiff's discovery requests or Federal Rule of Civil Procedure 26(a)(1). Plaintiff, however, has seized upon this single e-mail to argue to this Court that United Retail has failed to conduct a proper search in response to discovery requests, and Plaintiff speculates that United Retail is withholding other documents which may help her

---

[1] Imprinting, or taking a physical imprint of a credit card, is not regulated by FACTA. 15 U.S.C. § 1681c(g)(2).

[2] It is significant that this e-mail message—which Plaintiff now believes in central to her case—would not have been uncovered by a search using the words and phrases specified by Plaintiff in Request for Production No. 19, which specifically addressed Electronically Stored Information. These search parameters designed by Plaintiff (which are quoted in their entirety in Ex. C) overlap with Plaintiff's general requests for all documents concerning FACTA, the FCRA, and truncation of expiration dates from receipts.

case. (See Docket No. 65 at 1-2.)[3] As a result, Plaintiff seeks to force United Retail to conduct a search of all of its Electronically Stored Information from January, 2002, through the present.[4]

This Court granted Plaintiff's Motion to Compel (Docket No. 50) by an order dated April 23, 2008 (Docket No. 76). At the April 23, 2008 hearing, however, the Court stated that United Retail could seek relief from that order with respect to Electronically Stored Information which was not reasonable accessible to United Retail. United Retail has otherwise fully complied with the Court's order, and now seeks a protective order relieving it of any obligation to conduct an additional search of Electronically Stored Information.

## II. ARGUMENT

The Federal Rules of Civil Procedure contain specific provisions regarding the discovery of Electronically Stored Information. A party has no obligation to provide Electronically Stored Information if it is not "reasonably accessible because of undue burden or cost":

> (B) <u>Specific Limitations on Electronically Stored Information.</u>
>
> A party <u>need not provide</u> discovery of electronically stored information from sources that the party identifies as <u>not reasonably accessible because of undue burden or cost</u>.
>
> On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.
>
> If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).
>
> The court may specify conditions for the discovery.

---

[3] Plaintiff, however, never reconciles her contention that United Retail has allegedly produced "smoking gun documents" which actually mention FACTA with her other contention that United Retail nefariously refuses to search for or produce other documents which, on their face, have no bearing on the issues in this lawsuit.

[4] Although United Retail offered to conduct a specific, limited search of Weiss' e-mail messages after First Data produced the e-mail message, Plaintiff rejected this offered search and has maintained that United Retail conduct a search of all of its Electronically Stored Information. (See Ex. 1-D to Docket No. 66.)

4

Fed. R. Civ. P. 26(b)(2)(B) (emphasis and line breaks supplied).

In this case, complying with Plaintiff's requested search of over five years worth of Electronically Stored Information would impose both an undue burden and an undue cost on United Retail. As United Retail explained to Plaintiff over six months ago (see Oct. 17, 2007 letter attached as Ex. C), and more recently to this Court (see Docket No. 66 and attached Affidavit), <u>the search contemplated by Plaintiff would require 120 weeks (approximately two years and four months) to complete if United Retail were to dedicate an employee to this task full-time</u>. And this estimate does not include the time necessary to review and produce any documents retrieved by the searches.

In support of this Motion, United Retail has attached the affidavit of John O'Connell, III, the Chief Financial Officer of United Retail Group, Inc. (United Retail's parent corporation). (Aff. attached as Ex. D.) Mr. O'Connell explains that the search requested by Plaintiff would take 120 man-weeks (one man-week being the time spent by one person working full-time for one week)—or two years and four months of effort—to complete because it would involve searching both active records and monthly backup tapes for Electronically Stored Information from five different servers. (Aff. ¶¶ 7-17.) Before searching these records, United Retail would have to load them onto a separate test server, and index all of the Electronically Stored Information contained on one server (and its associated backup tapes), before being able to even begin the search process. (Aff. ¶¶ 7-9.) To perform the requested search, United Retail would also need to incur hardware and software costs of at least $20,000 so that it would have the necessary tape drives and also have servers available both for use in the search and maintenance of its ongoing operations. (Aff. ¶¶ 18-19.) Courts have recognized that similar time and expense for such searches, especially in light of the realities of conducting data searches in the real-world

<mark>5</mark>

business environment, impose an undue burden under Rule 26.  See Byers v. Illinois State Police, 2002 WL 1264004, at * 11 (N.D. Ill. 2002).

Mr. O'Connell's statements are further supported by United Retail's experience in searching just one year worth of e-mail messages.  Even though this search covered only one fifth the time frame requested by Plaintiff, and involved only e-mail messages (not the additional Electronically Stored Information from the other three servers sought by Plaintiff), it took six man-weeks to complete.  (Aff. ¶ 13.)  This real-life experience that United Retail has in performing the type of search at issue here, and compared to the broader time period and greater data involved in the requested search, supports the estimate that the requested search would require 120 man-weeks worth of effort.  (Aff. ¶¶ 13-17.)

Balanced against the cost to United Retail, and the fact that the requested search would require almost two-and-one-half years worth of effort, Plaintiff offers no support for the speculation that the search would result in any information which could be even tangentially helpful to her lawsuit.  Because it does not mention FACTA, the FCRA, or expiration dates, the one e-mail exchange between Weiss and First Data to which she points does not, on its face, even relate to the issues in this litigation.  Notably, even after deposing nine United Retail employees, she cannot point to any proof derived from those depositions that any responsive documents would be located as a result of over two years worth of additional discovery.[5]  See, e.g., Byers, 2002 WL 1264004, at * 11 (plaintiff who had deposed numerous individuals about

---

[5] United Retail notes that Plaintiff has previously speculated that former United Retail employees Carmen Lopez and Christine Persico may have sent or received e-mail messages which may have mentioned FACTA.  As this Court ordered, United Retail has provided their contact information to Plaintiff, and the Court has already given permission for Plaintiff to depose them even though discovery is closed.  Accordingly, as she did with all of the other deponents (who had no knowledge of FACTA before its effective date), Plaintiff can ask those former employees if they had any knowledge of FACTA and thus obtain (or not obtain) the information that she seeks.

an alleged e-mail and obtained no testimony as to its existence had not established that electronic discovery would "likely result in the discovery of relevant information").

Under the Federal Rules of Civil Procedure, with respect to all types of discovery:

> The court may limit discovery if it determines that the burden of the discovery outweighs its likely benefit. To make this determination, the Court will consider what has been dubbed the proportionality test of Rule 26[]: the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. In this way, parties are protected from unduly burdensome or expensive discovery requests.

Wiginton v. CB Richard Ellis, Inc., 229 F.R.D. 568, 571 (N.D. Ill. 2004) (citations to previous version of Rule 26 omitted); see also Peskof v. Faber, 224 F.R.D. 54, 59-60 (D.D.C. 2007) (citing same factors). Under these five factors, Plaintiff's request fails as it provides no marginal utility and the burden to United Retail far outweighs any possible benefit to Plaintiff.

**The needs of the case.**

Given the extensive discovery which Plaintiff has already obtained—which has turned up alleged "smoking gun documents," as well as the consistent testimony of United Retail's witnesses that they were universally unaware of FACTA before January, 2007—there is little need for more than two years worth of additional effort to search Electronically Stored Information. Moreover, Plaintiff intends to take three additional depositions, which include the depositions of two of the employees she believes may have sent or received the e-mails which she speculate exist and which she seeks to obtain from the requested search, thus she will obtain the information that she wants. With respect to the Weiss e-mail, Plaintiff already has a copy, and none of the attachments which were purportedly attached relate to the issues presently before this Court. Accordingly, this factor weighs in favor of United Retail and against forcing 120 man-weeks of search efforts.

7

**The amount in controversy, the resources of the parties, and the importance of the issues at stake in the litigation.**

While a class has been certified, and Plaintiff seeks statutory damages of at least $3,700,000 (not to mention attorney's fees), this case does not merit expending 120 man-weeks of effort for searching for an imagined needle in a haystack. Plaintiff claims that this case is about protecting consumers from identity theft. In fact, however, Plaintiff has admitted that neither she nor the class members have suffered actual harm. As United Retail has established through expert testimony, there is a complete absence of any harm to Plaintiff or the class because United Retail properly truncated account numbers on consumer receipts and only printed expiration dates in alleged violation of FACTA for only two months, until February, 2007 (three months <u>before</u> Plaintiff filed her suit).

Dr. Bridget Tenner, a mathematics professor, explained that, armed with the information on a United Retail receipt, a criminal would have between a 1-in-a-billion and a 1-in-ten-trillion chance of guessing the actual account number associated with a United Retail receipt. (Tenner Decl. ¶¶7-13.) Joel Lisker, formerly the Senior Vice-President for Security and Risk Management at MasterCard International, provided his sworn testimony that disclosure of the expiration date on United Retail receipts does not expose consumers to an increased risk of harm because correct expiration dates are not generally required for authorization of credit card transactions. (Lisker Decl. ¶¶7-10.) Because there is no actual harm, and there was nothing to change when Plaintiff filed her suit, the only interests which have ever been at stake are the pecuniary interests of Plaintiff and her counsel.[6] Nothing at stake justifies the time and expense of a two-plus-years of effort searching Electronically Stored Information.

---

[6] Proposed legislation recently passed by the House of Representatives — by a unanimous vote of 407-0 — H.R. 4008, 110th Cong. (2007), the "Credit and Debit Card Receipt Clarification Act of 2007," acknowledges the lack of harm caused by the conduct here, and this bill finds that:

8

**The importance of the proposed discovery in resolving the issues.**

As with the first factor, Plaintiff offers nothing beyond speculation to suggest that there is significant additional information waiting to be found. All of the key United Retail personnel have been deposed (and have produced their documents), and they were universally unaware of FACTA before the onslaught of class action lawsuits (including the ones presently before this Court). Moreover, Plaintiff has received what she believes are "smoking gun documents," and clearly has obtained the discovery she asked for and which she will need to prosecute her case.

While she now believes that Weiss' documents are key to this case, Plaintiff and her counsel received other communications between Weiss and First Data when United Retail made its original document production in September, 2007. Plaintiff took no action after receiving those documents, and she refused United Retail's prior compromise offer to conduct a search of just Weiss' e-mail messages in lieu of the company-wide two-plus-year search that she now demands. Plaintiff's own inaction demonstrates that the Weiss e-mail is not as critical as she pretends, and it is certainly not enough to justify 120 man-weeks of effort.

---

(continued…)

> (4) Almost immediately after the deadline for [FACTA] compliance passed, hundreds of lawsuits were filed alleging that the failure to remove the expiration date was a willful violation of the Fair Credit Reporting Act even where the account number was properly truncated.
>
> (5) None of these lawsuits contained an allegation of harm to any consumer's identity.
>
> (6) Experts in the field agree that proper truncation of the card number, by itself as required by the amendment made by the Fair and Accurate Credit Transactions Act, regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud.

Id. at §§ 2(a)(4)-(6).

To address the pestilential lawsuits filed over the printing of expiration dates, H.R. 4008 provides that it is not a willful violation of FACTA to print an expiration date on a receipt which properly truncates the credit card account number—like United Retail's receipts—and applies this FCRA amendment to every case filed after FACTA's effective date. Id. at §§ 3(a)-(b). Identical legislation has been introduced in the Senate. S. 2978, 110th Cong. (2008).

By this Motion, United Retail has demonstrated under Rule 26(b)(2)(B) that the Electronically Stored Information requested by Plaintiff is not reasonably accessible because of undue burden and cost. Plaintiff will be unable to demonstrate that there is good cause to order such discovery, or that United Retail should pay for two years and four months worth of additional search effort. To the extent that the Court allows any additional discovery of Electronically Stored Information, it should only do so on the condition that Plaintiff bear the ful costs of such searching. See, e.g., Wiginton, 229 F.R.D. at 572-73.

**III. CONCLUSION**

Overall, Plaintiff seeks to force United Retail to expend more than two years' effort and over $20,000 searching for documents which the evidence shows do not exist. This was why she did not challenge United Retail's original objection to such a burdensome and expensive search, or accept United Retail's offer to search Weiss' archived e-mail messages. Notwithstanding the Weiss e-mail message, nothing has changed. Accordingly, under Rule 26, this Court should enter a protective order and rule that this search need not be performed.

WHEREFORE, United Retail requests that this Court enter a protective order which provides that United Retail does not have to conduct any further searches of its Electronically Stored Information in response to Plaintiff's discovery requests in this matter, and providing for any additional and further relief that the Court deems just and equitable, such as requiring Plaintiff to bear the full cost of any additional discovery of Electronically Stored Information should the Court also such discovery.

Dated: May 16, 2008                                   Respectfully submitted,

                                                      **UNITED RETAIL INCORPORATED**

                                                By:   /s/Albert E. Hartmann
                                                      One of Its Attorneys

10

Michael O'Neil (ARDC #06201736)
Albert E. Hartmann (ARDC #06256064)
**DLA PIPER US LLP**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
312-368-4000
Email: michael.oneil@dlapiper.com
Email: albert.hartmann@dlapiper.com

**CERTIFICATE OF SERVICE**

      I, Albert E. Hartmann, an attorney, depose and state that on May 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice on the following:

>Keith James Keogh
>Alexander Holmes Burke
>Law Offices of Keith J. Keogh
>227 West Monroe Street #2000
>Chicago, IL 60606
>Email: Keith@Keoghlaw.com
>Email: aburke@keoghlaw.com

                                   /s/ Albert E. Hartmann
                                   Albert E. Hartmann